REQUESTED BY: Kathryn Piller Member, State Board of Education
You have requested our opinion on whether you, as a member of the State Board of Education, can also run for and be elected to the Omaha City Council. Based on the analysis set forth below, we conclude that Nebraska law allows you to be a candidate for the Omaha City Council while holding a position on the State Board of Education. However, if elected, you cannot hold a position on the Omaha City Council simultaneously while holding a position on the State Board of Education.
Omaha is classified as a city of the metropolitan class. "All cities in this state which have attained a population of three hundred thousand inhabitants or more shall be cities of the metropolitan class and governed by this act." Neb. Rev. Stat. §14-101 (1997). Omaha is governed by a home rule charter, adopted on July 18, 1922 pursuant to Neb. Const. art. XI, §§ 2-5. Carlbergv. Metcalf, 120 Neb. 481, 234 N.W. 87 (1930). "The council members of a city of the metropolitan class which adopts a home rule charter shall meet the qualifications found in section 14-204 and 14-230." Neb. Rev. Stat. § 32-537 (1998).
The qualifications for city council are set forth in § 14-204:
 (1) A candidate for council member of a city of the metropolitan class shall be a registered voter and a resident of the district from which he or she seeks election and shall have been a resident in the city and district or any area annexed by the city for one year. The primary election for nomination of council members shall be held on the first Tuesday of April preceding the date of the general city election.
 (2) Any person desiring to become a candidate for council member shall file a candidate filing form pursuant to sections 32-606 and 32-607.
Neb. Rev. Stat. § 14-204 (1997).
Additional qualifications are specified in § 14-230 which explicitly states that candidates for city council in cities of the metropolitan class may hold other public office.
The Legislature, recognizing the importance to the entire State of Nebraska of sound and stable government in cities of the metropolitan class, hereby declares that the qualifications for candidacy for the office of mayor and council member of such cities, whether any such city is governed by a home rule charter or not, are matters of general statewide concern. The provisions of any ordinance or home rule charter of any such city to the contrary notwithstanding, no person shall be disqualified fromcandidacy for the office of mayor or council member of any suchcity because of the fact that such person holds any other publicoffice, either elective or appointive except any office subordinate to the mayor and council member of such city, and noholder of any such other office shall be required to resign suchother office in order to become and remain a candidate for theoffice of mayor or council member of any such city.
Neb. Rev. Stat. § 14-230 (1997) (emphasis added).
Language in Omaha's home rule charter on qualifications for city council members are consistent with the state statute. "No person shall be disqualified from candidacy for the office of Councilmember because of the fact that such person holds any other public office, either elective or appointive, and no holder of any such other office shall be required to resign such other office in order to become and remain a candidate for the office of Councilmember." Omaha, Neb., Charter art. II, § 2.02 (1984).
In addition to the statutes governing city council member qualifications, another statute regulates service in an elective office by persons holding "an elective office described in . . . Article VII, Section 3" of the Nebraska Constitution. Specifically, Neb. Rev. Stat. § 32-604(2) (1998) states, in part, that "no person . . . in an elective office described in . . . Article VII, section 3 . . . of the Constitution of Nebraska shall simultaneously serve in any other elective office. . . ." Article VII, § 3 describes membership on the State Board of Education. Thus, no person serving on the State Board of Education may simultaneously serve in another "elective office." Pursuant to subsection(6) of § 32-604, "elective office" has the meaning found in § 32-109.
Elective office shall mean any office which has candidates nominated or elected at the time of a statewide primary election, any office which has candidates nominated at the time of a statewide primary election and elected at the time of a statewide general election, any office which has candidates elected at the time of a statewide general election, any office which hascandidates nominated or elected at a city or village election, and any office created by an act of the Legislature which has candidates elected at an election.
Neb. Rev. Stat. § 32-109 (1998) (emphasis added).
Thus, council member for the City of Omaha is included in the definition of elective office described in § 32-109 and, as a result, a member of the State Board of Education is prohibited by § 32-604 from simultaneously serving as a member of the Omaha Cit Council.
Section 32-604 also contains a prohibition against simultaneously serving in more than one "high elective office." "No person serving in a high elective office shall simultaneously serve in any other high elective office." Neb. Rev. Stat. §32-604(4) (1998). The definition of "high elective office" includes membership on the State Board of Education and a position on a city council. "[H]igh elective office means . . . an elective office described in . . . Article VII, section 3 . . . of the Constitution of Nebraska, or a . . . city . . . elective office.
Therefore, while candidacy for the Omaha Council while serving on the State Board of Education is expressly authorized by Nebraska law, membership on the State Board of Education while simultaneously serving on the Omaha City Council is prohibited by Neb. Rev. Stat. § 32-604.
Sincerely yours,
DON STENBERG
Attorney General
Charlotte R. Koranda
Assistant Attorney General